IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2010 MAY 14 PM 3:49
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

SA10CA0375 XR

| | |
|---|---|
| VIPER TELECOM, LLC<br>    Plaintiff<br>v.<br><br>LOCKHEED MARTIN CORPORATION<br>AND<br>PRESIDIO NETWORKED SOLUTIONS, INC.<br>    Defendants, | CIVIL ACTION NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, VIPER TELECOM, LLC ("VIPER"), files this Original Complaint and Jury Demand against Defendants LOCKHEED MARTIN CORPORATION ("LOCKHEED MARTIN") and PRESIDIO NETWORKED SOLUTIONS, INC. ("PRESIDIO").

### PARTIES

1. Plaintiff, VIPER TELECOM, LLC, is a Limited Liability Company organized under the laws of the State of Texas, with its principal place of business in San Antonio, Bexar County, Texas.

2. Defendant LOCKHEED MARTIN is a Corporation organized under the laws of the State of Maryland with its principal place of business at 6801 Rockledge Drive, Bethesda, Maryland 20817. It does business in the State of Texas through its various registered trade names and/or divisions, including in this instance, through its Information Systems and Global Services Division.

3. LOCKHEED MARTIN can be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4.     Defendant, PRESIDIO NETWORKED SOLUTIONS, INC. is a Corporation organized under the laws of the State of Florida, with its principal place of business at 7601 Ora Glen Drive, Suite 100, Green Belt, Maryland 20770. PRESIDIO does business in the State of Texas and can be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6.     This Court has personal jurisdiction over the Defendants because the sole Plaintiff resides in the State of Texas, and because each of the Defendants has engaged in continuous and systematic activities in the State of Texas. The Defendants have contracted with the Plaintiff, a Texas resident, and are authorized to do business in the State of Texas.

7.     Venue is proper in the Western District of Texas, pursuant to 28 U.S.C. § 1391(a) and (c), as each of the Defendants is subject to personal jurisdiction therein.

## CONDITIONS PRECEDENT

8.     All conditions precedent have been performed or have occurred. In the alternative, Defendants have waived the right to demand performance or such performance was excused.

## FACTS

### I. Keesler AFB Project

9.     On approximately July 30, 2007, LOCKHEED MARTIN responded to a request for a quote from the Headquarters Air Force Medical Support Agency (HQ-AFMSA), and submitted a bid, which was later accepted, for the installation of a Local Area Network (LAN) infrastructure renovation project at Keesler AFB, Mississippi, involving the main medical building and several

medical outbuildings at Keesler. This project was given award # FA8771-04-D-0008 and order number TGA4, for Keesler AFB. As part of the bid process, LOCKHEED MARTIN entered into an agreement with PRESIDIO wherein PRESIDIO would perform the actual work on the Project. PRESIDIO, in turn, subcontracted the physical work to VIPER, while retaining certain engineering duties and a documentation support role on the Project.

10. LOCKHEED MARTIN's contract for the Keesler Project had a period of performance (P.O.P) or completion date falling in September 2009, based upon the general contract's allowance of 540 calendar days between the date of the contract's award and the date for all work to be completed, although the duration of the tasks could be extended based upon approved changes and direction from the relevant USAF officer. In return for the performance by VIPER under the original contract, PRESIDIO was to provide proper remuneration as agreed upon by PRESIDIO and VIPER.

11. In performance of the aforementioned contract, Plaintiff provided labor, equipment and materials to the Project in a timely manner. However, on or about January 29, 2009, VIPER was contacted by an officer of LOCKHEED MARTIN and told that the period of performance had been changed to December 31, 2008. This was done without any consultations with VIPER. Nevertheless, VIPER was told by LOCKHEED MARTIN that VIPER was being hired directly by LOCKHEED MARTIN to put extra workers on site and to work extra hours in an effort to meet the new deadline, with respect to the modified P.O.P. In this regard, LOCKHEED MARTIN contracted with VIPER directly, and did not go through PRESIDIO's contracting department. VIPER relied upon the representations of LOCKHEED MARTIN at that time, that it would reimburse VIPER for the extra time and materials required to accelerate the work on the Project. LOCKHEED MARTIN also represented on the project that it excelled in integration of team members and provided highly responsive oversight of the work involved.

## COUNTS 1 and 2 – Breach of Contract on Keesler Project and
## Negligent Misrepresentation vs. Lockheed Martin

12. VIPER would show that it submitted its claims to LOCKHEED MARTIN for the additional time and labor which it had expended on the Project through May 2009, in the amount of $100,720.75, as a direct consequence of the accelerated time schedule. VIPER had previously advised LOCKHEED MARTIN in late January 2009, that the earliest it might be able to complete the original work was June 2009, through additional man hours and temporary labor, yet LOCKHEED MARTIN requested that VIPER nevertheless do what it could to accelerate the scheduled completion. VIPER would show that because of LOCKHEED MARTIN's mismanagement of the basic contract with HQ-AFMSA and the misrepresentations by LOCKHEED MARTIN to VIPER and the breach of its promise to pay VIPER directly for the man hours and temporary labor related to the accelerated work schedule, it has been damaged in the amount of at least $100,720.75, plus pre-judgment interest thereon at the rate of at least 6% A.P.R., dated from May 30, 2009, to the date of Judgment.

## COUNT 3 – Negligence vs. LOCKHEED MARTIN

13. Plaintiff would show that LOCKHEED MARTIN had a duty to consult with its subcontractor, PRESIDIO, and the other subcontractor on the Project, VIPER, before advancing any period of performance date. LOCKHEED MARTIN was additionally negligent by placing unqualified third party workers on site, in an attempt to meet the self-imposed accelerated date of completion, only to cause further delays on the Project due to the defective workmanship of those workers. By breaching those duties to VIPER, LOCKHEED MARTIN caused Plaintiff to have to hire additional personnel, at extra cost, and pay overtime hours to its own employees, to its damage in the following amounts over and above the basic contract:

| | | |
|---|---|---|
| (a) | For overtime labor costs for its existing employees: | $ 61,284.75 |
| (b) | For the cost of temporary labor: | $ 24,436.00 |
| (c) | Additional Administrative Costs: | $ 6,000.00 |
| (d) | Cost to repair defective work caused by third Party labor hired directly by LOCKHEED MARTIN: | $ 9,000.00 |
| | Subtotal: | $100,720.75 |
| (e) | Interest at 6% thereon from at least May 30, 3009 to May 14, 2010; plus a per diem of at least $16.556 from May 14, 2009 | $ 5,778.04 |

### COUNT 4 – Negligence vs. Lockheed Martin And Presidio

14. Plaintiff would show that it requested LOCKHEED MARTIN and PRESIDIO to submit claims for increased costs, expenses and supplies to HQ-AFMSA, but LOCKHEED MARTIN and/or PRESIDIO have to date refused to do so. Plaintiff would show that it provided both LOCKHEED MARTIN and PRESIDIO with modifications to the Project which had been requested and directed by HQ-AFMSA, in order to support additional grants of time and/or money to complete the Project by the parties. By virtue of PRESIDIO's mismanagement of its contract with LOCKHEED MARTIN, including its inadequate pursuit of additional time and compensation related to government delay and change of Project scope or conditions that were directed by HQ-AFMSA, and/or by virtue of the refusal of LOCKHEED MARTIN to consider or process the modifications, VIPER has been damaged in the amount of at least $341,903.00, plus interest thereon, for which it hereby sues.

### COUNT 5 – Defamation, Slander and Business Disparagement

15. In casting about for someone to blame for its inability to meet its self-imposed accelerated period of performance, LOCKHEED MARTIN published statements derogatory to VIPER, thereby casting Plaintiff in a false light with respect to its ability and/or willingness to

perform tasks of the type it was hired for on the Project. These statements were false, and in that respect, LOCKHEED MARTIN was either negligent in its research of the facts, or was acting with malice, causing, in either event, pecuniary injuries to the Plaintiff by virtue in part, of Plaintiff's inability to proceed, at least in the near future, on any contracts with HQ-AFMSA, for which Plaintiff seeks actual damages in the sum of at least $750,000.00 dollars.

### COUNT 6 – Breach of Contract vs. PRESIDIO

16. Plaintiff complains of PRESIDIO with respect to monies due VIPER under the basic contract on Keesler, by virtue of the fact that PRESIDIO mismanaged its contract with LOCKHEED MARTIN by failing to properly advance or promote the available modifications to the basic contract imposed by LOCKHEED MARTIN and HQ-AFMSA, and for reason that it breached its own contract with VIPER by failing to pay for the labor and equipment furnished on the Keesler Project by VIPER. In connection therewith, Plaintiff would show that at least $14,191.94 has not been paid to VIPER as original contract billings, for which Plaintiff hereby sues, plus interest and attorney's fees thereon.

### COUNT 7 – Quantum Meruit on Keesler v. Presidio

17. For further case of action, Plaintiff would show that between September 2007 and October 2009, at the special instance and request of PRESIDIO, and based on PRESIDIO's promise to pay the reasonable value thereof, Plaintiff performed labor, rendered services, and furnished material for the replacement of local area computer networks at Keesler AFB, Mississippi, as part of the Air Force's Medical System's Infrastructure Modernization Program, which labor, services and materials PRESIDIO has accepted with actual knowledge the Plaintiff expected to be paid therefore. The reasonable value of said labor, services and materials from which Plaintiff remains unpaid is $356,094.94, for which amount Plaintiff sues, along with interest and attorney fees.

## COUNT 8 – Quantum Meruit on Keesler v. Lockheed Martin

18. For further cause of action, Plaintiff would show that between February 14, 2009 and May 9, 2009, at the special instance and request of LOCKHEED MARTIN, and based on LOCKHEED MARTIN's promise to pay the reasonable value thereof, Plaintiff performed labor, rendered services, and furnished material for certain work on computer networks being installed at Keesler AFB, Mississippi, which labor, services and materials LOCKHEED MARTIN accepted, used and enjoyed, with actual knowledge that Plaintiff expected to be paid therefore. The reasonable value of said labor, services and materials for the LOCKHEED MARTIN to VIPER directed work for which Plaintiff remains unpaid, is One Hundred Thousand Seven Hundred Twenty and 75/100 Dollars ($100,720.75), plus interest and attorney's fees, for which amounts Plaintiff sues.

## COUNT 9 – Exemplary Damages

19. Additionally, Plaintiff would state that the actions of LOCKHEED MARTIN giving rise to Plaintiff's claims for its work at Keesler AFB were such as to offend the principals of fair play and justice, and were malicious and in wanton disregard of the rights of Plaintiff, a USAF service disabled veteran owned small business. In addition thereto, LOCKHEED MARTIN requested that VIPER engage in contract fraud and the theft of government equipment on the Project, which was declined by VIPER. Therefore, Plaintiff would request that exemplary damages be awarded to Plaintiff and against LOCKHEED MARTIN, to punish Defendant for said acts and to deter Defendant from engaging in the same or similar activity in the future.

## II. Sheppard AFB Project

20.     In approximately May 2008, LOCKHEED MARTIN was awarded the lead contract by the United States Air Force Medical Support Agency for the installation of a local area network (LAN) infrastructure renovation project at the medical services complex at Sheppard AFB, Wichita Falls, Texas.  In connection therewith, LOCKHEED MARTIN entered into an agreement whereby PRESIDIO would perform the actual work on the Project.  PRESIDIO, in turn, subcontracted the physical work to VIPER, while retaining certain engineering duties and a documentation support role on the Project.  In return for the performance by VIPER, PRESIDIO was to provide proper remuneration as agreed upon by PREDIDIO and VIPER.

### COUNT 10 – Breach of Contract on Sheppard Project

21.     In performance of the aforementioned contract, Plaintiff provided labor, equipment and materials in a timely manner.  Plaintiff would show that it submitted its claims to PRESIDIO for monies due under its contract at Sheppard AFB, but PRESIDIO has failed to pay all sums due thereunder, to Plaintiff's damage in the amount of at least $350,607.11, for which it hereby sues, plus interest thereon at the rate of 6% A.P.R., from the date when due, plus reasonable and necessary attorney's fees.

### COUNTS 11 and 12 – Negligent Misrepresentation and Negligence

22.     In connection with its work at Sheppard AFB, the Plaintiff, on numerous occasions, brought to the attention of both PRESIDIO and LOCKHEED MARTIN, the opportunity and necessity to seek additional modifications of time and additional payment on the Project due to government caused delays and detrimental changes of workplace conditions.  In contumacious disregard of its duties as a general contractor and the rights of Plaintiff and PRESIDIO, LOCKHEED MARTIN refused or negligently delayed the submission of all or many of the modification requested by Plaintiff, while still requiring the Plaintiff to attempt to complete the

Project without any delays. This is despite the fact that LOCKHEED MARTIN represented it "excelled in integration of team members" and would provide "highly responsive oversight including on-site supervision necessary for the team to provide the services described," in (its) performance work statement on the Sheppard Project. In this regard, LOCKHEED MARTIN knew that VIPER was one of the team members on the Project. In its turn, PRESIDIO failed to properly or sufficiently advance the approval of the modifications or change orders on the Project that it required VIPER to undertake. Plaintiff has been harmed by the breach of the duties to Plaintiff by LOCKHEED MARTIN and PRESIDIO and by the negligent misrepresentations of LOCKHEED MARTIN, to its damage in the amount of at least $350,607.11, plus interest thereon, for which it herby sues.

### COUNT 13 – Quantum Meruit

23.    For further cause of action, Plaintiff would show that between August 1, 2008 and April 30, 2009, at the special instance and request of PRESIDIO, and based on PRESIDIO's promise to pay the reasonable value thereof, Plaintiff performed labor and rendered services and furnished material for the installation of a local area network (LAN) as part of an infrastructure renovation project at Sheppard Air Force Base, Wichita Falls, Texas which labor, services and materials PRESIDIO has accepted and enjoyed with the actual knowledge that Plaintiff expected to be paid therefore. The reasonable value of said labor serves as materials which Plaintiff remains unpaid is $350,607.11, for which amount Plaintiff sues.

### COUNT 14 – Attorney's Fees

24.    By virtue of the failure of Defendants to pay the just claims of Plaintiff, Plaintiff was required to engage the services of the law firm of Elms Harmon Macchia, LLC to bring this cause of action. Plaintiff is entitled to recover reasonable attorney's fees from Defendants in an

amount determine by the trier of fact, in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code, or any other applicable statute.

### JURY DEMAND

25. VIPER TELECOM, LLC demands a trial by jury on all issues and all claims.

### Request for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon final hearing hereof, Plaintiff have and recover Judgment of and from Defendants for its actual and punitive damages as described above, plus pre-judgment interest at the maximum allowable legal rate, attorney's fees as set forth above, costs of court, and for such other relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**ELMS ♦ HARMON ♦ MACCHIA, LLC**
7800 IH-10 West, Suite 600
San Antonio, Texas 78230
(210) 349-8888 (Telephone)
(210) 349-8805 (Facsimile)

By: _____
THOMAS S. HARMON
State Bar No. 08990700

ATTORNEYS FOR PLAINTIFF
VIPER TELECOM, LLC