IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VIPER TELECOM, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-10-CV-375-XR |
| | § | |
| LOCKHEED MARTIN CORPORATION | § | |
| and PRESIDIO NETWORKED | § | |
| SOLUTIONS, INC., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTION TO DISMISS & MOTION FOR LEAVE TO AMEND**

On this date, the Court considered Defendant Lockheed Martin Corporation's Motion for Partial Dismissal (Docket No. 13) and Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 17).  Having considered the motions and Plaintiff's filings in this suit, the Court hereby DENIES Defendant's motion to dismiss and GRANTS Plaintiff's motion for leave to amend.

**Background**

Plaintiff, Viper Telecom, LLC ("Viper"), filed suit against Lockheed Martin Corporation ("Lockheed Martin") and Presidio Networked Solutions, Inc. ("Presidio") in a thirteen count complaint that includes claims of breach of contract, negligent misrepresentation, negligence, defamation, and quantum meruit.[1]

Viper's claims concern two projects to install Local Area Networks (LAN), one at Keesler Air Force Base ("Keesler") in Mississippi and another at Sheppard Air Force Base ("Sheppard") in

---

[1] Pl.'s Compl., May 14, 2010 (Docket No. 1).

Texas.[2]  Around July 30, 2007, Lockheed Martin submitted a bid to the Air Force, which was accepted, to complete the Keesler project and then subcontracted with Presidio as part of the bidding process on the project.[3] Presidio in turn subcontracted with Viper to perform the physical installation and restoration work.[4] The project was to take 540 calendar days to complete and had a deadline for completion in September 2009.[5]

Plaintiff alleges that in late January 2009 (or, according to Plaintiff's response, February 4, 2009), Lockheed Martin contacted Viper directly without going through Presidio's contracting department and explained that the completion date for the project had been moved forward to December 31, 2008.[6] Viper further alleges that in order to meet this accelerated completion time, Lockheed Martin promised with Presidio's knowledge to reimburse Viper for any extra time and materials required.[7] Viper claims that although it undertook the accelerated work schedule, incurred extra costs for labor and materials, and sought reimbursement, Lockheed Martin did not reimburse Viper as agreed.[8] Viper alleges damages in the amount of $100,720.75 for this breach of contract.[9]

In May 2008, Lockheed Martin contracted with the Air Force to install and renovate another

---

[2]*Id.* ¶¶ 9, 20.

[3]Pl.'s 1st Am. Compl. ¶ 9, Jul. 23, 2010 (Docket No. 21, Ex. A).

[4]*Id.*

[5]*Id.* ¶ 10.

[6]*Id.* ¶ 11.

[7]*Id.*

[8]*Id.* ¶ 12.

[9]*Id.*

LAN at Sheppard. Again, Lockheed Martin subcontracted with Presidio, which subcontracted with Viper.[10] Viper contends generally that it was not paid for the labor, services, and materials on this project in the amount of $350,607.11.[11] Viper claims breach of contract or quantum meruit against Presidio for relief for these expenditures.[12]

## Procedural History

After Presidio filed an answer and counterclaim[13] and after Lockheed Martin moved to dismiss the suit,[14] Viper dropped all of its original tort-based recovery claims.[15] Viper still maintains its breach of contract and quantum meruit claims concerning the two projects.[16] Viper also answered Presidio's counterclaim[17] and filed a motion for leave to amend its complaint based on a desire to formally withdraw its tort-based claims and "to update relevant facts and important dates as new information has been discovered."[18]

Lockheed Martin maintains its motion for dismissal and responded to Viper's request to amend on the grounds that Plaintiff's remaining breach of contract and quantum meruit claims

---

[10] *Id.* ¶ 16.

[11] *Id.* ¶¶ 17–18.

[12] *Id.*

[13] Def.'s Answer, Jun. 11, 2010 (Docket No. 5); Def.'s Original Countercl., Jun. 11, 2010 (Docket No. 6).

[14] Def.'s Mot. to Dismiss, Jun. 18, 2010 (Docket Entry No. 13)

[15] Pl.'s Resp. to Mot. to Dismiss 5–6, Jul. 1, 2010 (Docket Entry No. 15)

[16] *Id.*

[17] Pl.'s Answer to Countercl., Jul. 1, 2010 (Docket Entry No. 16)

[18] Mot. for Leave to Amend, Jul. 2, 2010 (Docket Entry No. 17)

against Lockheed Martin "fail as a matter of law."[19]  Viper supported its motion for leave to amend with a brief and included its proposed amended complaint as an exhibit and filed a sur-reply regarding the motion to dismiss without obtaining leave of the Court.[20]  Viper's only remaining claims against Lockheed Martin in the proposed amended complaint are for breach of contract and quantum meruit concerning the Keesley project.[21]

## Legal Standard

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law.  FED. R. CIV. P. 12(b)(6).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  Additionally, the facts are construed favorably to the plaintiff.  *Id.*  To survive a Rule 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929

---

[19]Def.'s Resp. to Pl.'s Mot. for Leave to Amend, Jul. 12, 2010 (Docket No. 19); Def.'s Reply Br. in Supp. of Mot. to Dismiss, Jul. 12, 2010 (Docket No. 18).

[20]Pl.'s Reply Br. in Supp. of its Mot. for Leave to Amend, Jul. 23, 2010 (Docket No. 21); Pl.'s 1st Am. Compl., Jul. 23, 2010 (Docket No. 21, Ex. A); Pl.'s [Sur-]Reply Brief in Resp. to Def.'s Reply Br. in Supp. of Mot. to Dismiss, Jul. 23, 2010 (Docket No. 22).
The Local Court Rules for the Western District of Texas state that "[a]bsent leave of the Court, no further submissions [beyond a reply] are allowed,"  L.R. CV-7(e) (W.D. Tex.), and the Courtroom Policies for the undersigned provide instructions on how a party may obtain leave to file briefing beyond a motion, response, and reply, Fact Sheet for Judge Xavier Rodriguez, Civil Cases no. 32, available at http://www.txwd.uscourts.gov/general/judges/docs/sanantonio/rodriguez.pdf.  Counsel are advised to review and adhere to the Local Court Rules for the Western District of Texas and the Courtroom Policies.

[21]Pl.'s 1st Am. Compl. ¶¶ 12, 15.

(2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, -- U.S. ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

The deadline for the parties to amend their pleadings in this case is October 1, 2010.[22] Because this deadline has not expired, Rule 15 of the Federal Rules of Civil Procedure governs a motion for a party to amend its pleadings. FED. R. CIV. P. 15(a). The rule requires a court to "freely give leave when justice so requires." *Id.* R. 15(a)(2). Rule 15 "evinces a bias in favor of granting leave to amend." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (internal quotation marks and citations omitted). "Unless there is a 'substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.'" *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (Former 5th Cir. 1981)).

## Analysis

### A. Leave to Amend

Defendant has failed to show any bad faith or dilatory motive on the part of the Plaintiff. Although the Court has the power to deny leave to amend if the plaintiff's claims were clearly futile, Viper's claims are not empty of merit on their face. The Court sees no substantial reason to deny leave in this case. Viper's motion for leave to amend its pleadings is hereby granted, and its amended pleadings shall be considered in the course of the discussion of Lockheed Martin's motion to dismiss.

### B. The Breach of Contract Claim

---

[22]Scheduling Order, Jul. 26, 2010 (Docket No. 23).

Defendant Lockheed Martin alleges that Viper's breach of contract claim should be dismissed because it runs afoul of the statute of frauds. According to Texas law, "an agreement which is not to be performed within one year from the date of making the agreement" must be embodied in writing and signed by the agreeing party to be valid. TEX. BUS. & COM. CODE ANN. § 26.01 (a), (b)(6) (West 2009). Here, all parties agree that the original contract on the Keesler project between Lockheed Martin and Presidio, and Presidio and Viper, stipulates a 540-day performance.[23] Thus, that original underlying contract falls within the statute of frauds writing requirement.

Viper responds that its breach of contract claim does not fall within the statute of frauds because the claim concerns a new oral agreement between Viper and Lockheed Martin and not the original contract between Viper and Presidio.[24] Lockheed Martin maintains that this alleged oral agreement would not amount to a new contract as a matter of law because such an oral agreement would materially affect the original contracting of the Keesler project.[25] Instead, Viper's oral agreement amounts to a material modification of the original underlying contract between the three parties.[26]

As a matter of law, "a written agreement coming within the provisions of the statute of frauds may not be orally modified." *Harrison v. City of San Antonio*, 695 S.W.2d 271, 276 (Tex. App.—San Antonio 1985, no writ). Parties to a contract within the statute of frauds cannot alter that contract by oral agreement and try to create a new contract embodied partly by the original written

---

[23] *See, e.g.,* Pl.'s Am. Compl. ¶ 10; Def.'s Mot. to Dismiss 2.

[24] *See* Pl.'s Resp. to Mot. to Dismiss 2.

[25] *See* Def.'s Reply Br. in Supp. 3.

[26] *See id.* at 2.

instrument and embodied partly by parol evidence of a modification.  *See id.*; *see also Michael v. Busby*, 162 S.W.2d 662, 664 (Tex. 1942).  Otherwise, allowing these oral modifications would defeat the purpose of the statute of frauds.  *See Michael*, 162 S.W.2d at 664.  In the same vein, the parties cannot rescind a contract within the statute by oral agreement.  *See Givens v. Dougherty*, 671 S.W.2d 877, 878 (Tex. 1984).  The only common exception to the writing requirement is when the parties agree to *extend* the amount of time needed to complete performance, but here Viper alleges a contraction of the amount of performance time.  *See Dracopoulas v. Rachal*, 411 S.W.2d 719, 721–22 (Tex. 1967).

      The other major exception to the writing requirement occurs when an oral modification does not materially affect the underlying contract within the statute of frauds.  *See Brookside Farms v. Mama Rizzo's, Inc.*, 873 F. Supp 1029, 1033 (S.D. Tex. 1995).  In other words, if the terms of the contract lying outside the statute of frauds are severable and independent from the terms within the statute of frauds, then those terms do not need to be embodied in writing and can be proved by the existence of an oral agreement.  *Cf. Walker v. Tafralian*, 107 S.W.3d 665, 669 (Tex. App.—Fort Worth 2003, pet. denied) (holding the equivalent contrapositive that dependent provisions are not severable and must satisfy the statute of frauds).  Lockheed Martin contends that this exception does not apply since Viper's alleged provisions of the oral agreement are necessarily material and dependent terms.[27]  Lockheed Martin supports this argument by noting that the modifications would change the time for performance contemplated in the original contract, change the relationship of the parties to the original contract, and substantially alter the cost of that performance by over

---

[27] *See* Def.'s Reply Br. in Support 3.

$100,000.[28]

Lockheed Martin's argument assumes the terms and character of the oral agreement and the original contractual relationship can be determined without looking at either those original contracts or the parol evidence of the Plaintiff. As the Texas Supreme Court explained,

> [The Court] should look to the written contract before modification and to the character of the modification itself. If neither the portion of the written contract affected by the subsequent modification nor the matter encompassed by the modification itself is required by the Statute of Frauds to be in writing, then the oral modification will not render the contract unenforceable.

*Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955); *see also, Walker*, 107 S.W.3d at 670. The Court would need to examine the portion of the Keesler contract providing for the time for performance and the terms of the oral agreement to see if they are material and turn upon one another, and therefore fall within the statute of frauds, or if they are severable and so do not. *See id.*

Furthermore, Viper pleads a sufficiently detailed factual situation where the parties may have reached an entirely separate agreement. According to the Restatement of Contracts, "it is essential to a bargain that each party manifest assent with reference to the manifestation of the other." *See* RESTATEMENT (SECOND) OF CONTRACTS § 23 (1981). In other words, there must be mutual assent to be bound by the particular contract in question. *See id.* §§ 22–23. Here, although Lockheed Martin and Viper had some sort of previous contractual relationships regarding the Keesler project, they may not have been in actual privity of contract with each other. The Court cannot determine if there was mutual assent to the same contracts until the Court examines all the contractual evidence. For these reasons, the Court cannot say at this point as a matter of law whether Viper's breach of contract claims are precluded by the statute of frauds or not.

---

[28]*See id.*

**C. Quantum Meruit**

Viper's other claim against Lockheed Martin is for recovery quantum meruit. Lockheed Martin objects that Viper has not alleged two elements of such a claim. A quantum meruit claim has four elements,

> (1) valuable services were rendered or materials furnished;
> (2) for the person sought to be charged;
> (3) which services were accepted by the person sought to be charged, used and enjoyed by him;
> (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff was expecting to be paid by the person sought to be charged.

*Kona Tech. Corp. v. S. Pac. Trans. Co.*, 225 F.3d 595, 606 (5th Cir. 2000). To prove the second element, the Plaintiff must show that its efforts went beyond incidentally benefitting Lockheed Martin and that it undertook work "*for* the person sought to be charged." *See Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985) (citing *City of Ingleside v. Stewart*, 554 S.W.2d 939, 943 (Tex. Civ. App.—Corpus Christi 1977, writ ref'd n.r.e.). Lockheed Martin argues that Keesler Air Force Base, not Lockheed Martin, would be the beneficiary and acceptor of any services or materials provided by Viper. However, as Viper indicates in its amended pleading, it is not claiming quantum meruit with relation to the entirety of the work it performed on the Keesler LAN project, but only for services and materials related to the accelerated work allegedly requested by Lockheed Martin.[29] This work may have been undertaken, as Viper contends, for the benefit of Lockheed Martin's own contractual obligations, general business reputation, or whatever else. The elements of a quantum meruit claim are satisfied as Viper's allegations rise above a claim of mere incidental benefit to Lockheed Martin. *See Bashara*, 685 S.W.2d at 310.

---

[29]*See* Pl.'s 1st Am. Compl. ¶ 15.

Lockheed Martin also argues that quantum meruit recovery cannot be granted where an express contract governs the same services or materials provided. A plaintiff may claim that it is entitled to quantum meruit in the alternative to a breach of express contract claim. *See, e.g., Kona Tech.*, 225 F.3d at 605 (appeal remanded for consideration of both possible entitlement to compensation based on failure to pay an agreed fee and on quantum meruit grounds). The Plaintiff may not actually recover under both, but is free to claim under both. *See Pepi Co. v. Galliford*, 254 S.W.3d 457, 465 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (generally a party may not recover under both express contract grounds and quantum meruit but exceptions like construction claims exist).

## Conclusion

Defendant's motion to dismiss is DENIED as to Viper's claims for breach of contract and quantum meruit. Plaintiff's motion for leave to amend complaint is GRANTED. Plaintiff shall file the proposed amended complaint attached to its motion for leave within seven days of this order.

It is so ORDERED.

SIGNED this 30th day of July, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE